# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Andrew Leitzke,**<br><br>  Debtor. | Chapter 7<br><br>Case No. 13-12156 |
| **Dominic Balascio,**<br><br>  Plaintiff,<br><br>v.<br><br>**Andrew Leitzke,**<br><br>  Defendant. | Adv. No. 14-50017<br><br>Related to Adv. Docket<br>Nos. 1, 3 & 5 |

| | |
|---|---|
| LAW OFFICE OF<br>GREGORY D. STEWART, P.A.<br>Gregory D. Stewart, Esq.<br>P.O. Box 1016<br>Middletown, DE 19709<br><br>*Counsel for Plaintiff* | BILLION LAW<br>Mark M. Billion, Esq.<br>922 New Road<br>2nd Floor<br>Wilmington, DE 19803<br><br>*Counsel for Defendant* |

## OPINION

Before the Court is Andrew Leitzke's Motion to Dismiss this adversary proceeding (the "Motion") [Adv. Docket No. 3]. On January 10, 2014, Dominic Balascio filed an adversary complaint (the "Complaint") seeking a determination that his claim in the amount of $74,900 is nondischargeable pursuant to section 523(a)(2)(A) of the Bankruptcy Code [Adv. Docket No. 1]. For the reasons set forth below, the Court will grant Leitzke's Motion and dismiss the Complaint without prejudice.

# I. JURISDICTION & VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O).

# II. BACKGROUND

Andrew King and John Helman (jointly, the "Tenants") entered into a lease with Middletown Square Associates, LLC ("Middletown Square") for certain retail premises located at 821 N. Broad Street, Middletown, DE 19709 (the "Lease").[1] The Lease required monthly rent payments of $5,564.17 and monthly payments for common area maintenance and other charges.[2] Balascio and Leitzke agreed to guarantee the Tenants' obligations under the Lease until September 30, 2013.[3] On June 8, 2011, Middletown Square notified Tenants, Balascio, and Leitzke that the Lease was in default and that $7,427.83 was overdue.[4] Shortly thereafter, Middletown Square commenced litigation claiming $145,958.01 in lost rental income plus costs and fees.[5]

On April 4, 2013, King, Leitzke, and Balascio entered into a settlement agreement (the "Settlement Agreement") with Middletown Square. The Settlement Agreement provided that the total amount owed would be $80,000 subject to the following payment schedule:

(i) $28,500 was to be paid at the time of the execution of the Settlement Agreement with $25,000 to be paid by Balascio, $2,500 to be paid by Leitzke, and $1,000 to be paid by King;

(ii) Monthly payments of $1,400 were to be paid by King and Leitzke beginning March 1, 2013, of which $1,000 was to be paid by Leitzke and $400 was to be paid by King;

---

[1] Compl. ¶ 9.
[2] Compl. Ex. B at 1.
[3] Compl. ¶ 8.
[4] Compl. ¶10.
[5] Compl. ¶¶ 11-12. Middletown Square retained the right to accelerate the amount of rent due for the balance of the lease term pursuant to ¶12.2 of the Lease. Compl. Ex. B at 1.

      (iii)    A final lump sum payment of all unpaid principle and interest was to be paid by Leitzke and King no later than March 1, 2014.[6]

Balascio entered into a separate guaranty agreement for the total amount of the settlement.[7]

Balascio alleges that throughout the course of the Middletown Square litigation process Leitzke repeatedly stated his intention to file for bankruptcy relief[8] and promised that he would not include his obligation under the Settlement Agreement in his bankruptcy proceedings.[9] Pursuant to the Settlement Agreement, Leitzke paid $2,500 on May 1, 2013, and Balascio paid $25,000 on June 24, 2013.[10]

Leitzke filed for relief under Chapter 13 of the United States Bankruptcy Code on August 26, 2013.[11] 11 U.S.C. § 101 *et seq*. His case was converted to a Chapter 7 proceeding on March 19, 2014 [Main Case Docket No. 26]. Leitzke did not include Balascio in his list of unsecured creditors filed on August 26, 2013, nor did he provide notice to Balascio of the bankruptcy filing.[12] On August 28, 2013, Balascio received notice from Middletown Square that King and Leitzke had defaulted on the Settlement Agreement and that the accelerated balance of $49,000 was due.

On January 10, 2014, Balascio filed suit against Leitzke seeking a determination that he has a nondischargeable claim in the amount of $74,900 pursuant to section 523(a)(2)(A).[13] Leitzke moved to dismiss the Complaint on February 3, 2014, and Balascio filed a Response on March 11, 2014. Briefing is complete and the matter is ripe for decision.

---

[6] Compl. ¶ 13.
[7] Compl. ¶ 14. Compl. Ex. B at 2.
[8] Compl. ¶ 17.
[9] Compl. ¶ 18.
[10] Compl. ¶ 16.
[11] Chapter 13 Voluntary Petition. Main Case Docket No. 1.
[12] Compl. ¶¶ 20-21.
[13] Although the Complaint also mentions a second count for nondischargeability pursuant to section 523(a)(4), neither the Complaint nor the Response allege any facts to support this claim. Therefore, the section 523(a)(4) claim is also dismissed without prejudice.

## III. LEGAL ANALYSIS

### A. STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, governs a motion to dismiss for failing to state a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F.Supp. 2d 404, 407 (D.Del. 2007) citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court will construe the complaint "in the light most favorable to the plaintiff." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Third Circuit Court of Appeals has outlined a three-step process to determine the sufficiency of a complaint under *Twombly* and *Iqbal*:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) ( quoting *Iqbal*, 129 S.Ct. at 1947, 1950).

## B. SECTION 523(a)(2)(A)

Balascio asks the Court to find that he has a claim against Leitzke in the amount of $74,900 and that this claim is nondischargeable as the underlying debt was obtained under "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).[14] Balascio alleges that Leitzke induced him into signing the Settlement Agreement by promising that if Leitzke did file for bankruptcy protection, he would not seek to discharge the unpaid settlement obligations in his bankruptcy proceedings. Balascio emphasizes his own reluctance about entering into the Settlement Agreement, especially in light of Leitzke's stated intention to file bankruptcy. Further, Balascio points to several ways in which Leitzke benefitted monetarily from Balascio's participation in the Settlement Agreement, namely: (i) the principal amount owed to Middletown Square was reduced from $145,958.01 to $80,000; and (ii) Balascio's lump sum payment of $25,000 further reduced Leitzke's liability to Middletown Square. Leitzke argues that the Complaint should be dismissed because he did not enter into the Settlement Agreement under false pretenses or with fraudulent intent. Additionally, Leitzke contends that his alleged promise not to include the Settlement Agreement in his bankruptcy proceedings does not render the debt nondischargeable under section 523(a)(2)(A).

Dischargeability exceptions are narrowly construed. *In re Pearl*, 502 B.R. 429, 439 (Bankr. E.D. Pa. 2013). A narrow construction is warranted given that one of the fundamental policies underlying the Bankruptcy Code is to permit honest debtors to reorder their financial affairs and obtain a "fresh start," unburdened by the weight of preexisting debt. *Id.* Furthermore, a creditor objecting to the dischargeability of a debt bears the burden of proof. *In re Kates*, 845 B.R. 86, 100 (Bankr. E.D. Pa. 2012); *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995). The Supreme Court has held that a creditor must establish all of the elements under section 523(a) by the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 279 (1991). To establish nondischargeability under section 523(a)(2)(A), a creditor must demonstrate that:

---

[14] Section 523(a)(2)(A) provides that a debtor will not receive a discharge of any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by — false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's...financial condition." 11 U.S.C. § 523(a)(2)(A).

(i) The debtor made the misrepresentations or perpetuated fraud;

(ii) The debtor knew at the time that the representations were false;

(iii) The debtor made the misrepresentations with the intention and purpose of deceiving the creditor;

(iv) The creditor [justifiably] relied on such misrepresentations; and,

(v) The creditor sustained loss and damages as a proximate result of the misrepresentations having been made.

*In re Giarratano*, 299 B.R. 328, 334 (Bankr. D. Del. 2003) (citing *Field v. Mans*, 516 U.S. 59, 70–71 (1995)), *aff'd*, 358 B.R. 106 (D. Del. 2004).

A false pretense is an implied misrepresentation or conduct which creates and fosters a false impression, as distinguished from a "false representation which is an express misrepresentation." *In re Feldman*, 500 B.R. 431, 435 (Bankr. E. D. Pa. 2013). A false pretense must be "fostered willfully, knowingly, and by design; it is not the result of inadvertence.'" *Id.* (quoting *In re Antonious* 358 B.R. 172, 182 (Bankr. E. D. Pa. 2006)).

Here, after construing the facts in light most favorable to Balascio, the Court finds and rules that the Complaint must be dismissed without prejudice for failure to state a claim upon which relief can be granted. Balascio relies heavily on the undisputed facts that (i) Leitzke threatened bankruptcy several times and (ii) Leitzke promised not to include the Settlement Agreement in his bankruptcy proceedings to prove that Leitzke acted fraudulently. Yet, the case law is clear that "public policy does not permit a debtor, pre-bankruptcy, to contract away the right to the discharge of a debt." *Klingman v. Levinson*, 831 F.2d 1292, 1297 n.3 (7th Cir. 1987). A promise not to seek to discharge a debt in a bankruptcy proceeding is insufficient to establish a claim for nondischargeability of that debt under section 523(a)(2)(A). *See In re Singh*, 433 B.R. 139, 163 (Bankr. E. D. Pa. 2010)(holding that relying solely on a debtor's promise, without evidence of scienter, is not sufficient to sustain a section 523(a)(2)(A) claim).

At bottom, Balascio alleges that Leitzke committed fraud because he entered into the Settlement Agreement without any intention to perform thereunder. This contention is belied at a minimum by the undisputed fact that Leitzke actually made at least one payment under the Settlement Agreement. Thus, Balascio fails to state a claim for which relief can be granted and the Complaint must be dismissed without prejudice.

In addition, the Court notes that Leitzke has many other creditors: his Petition reflects secured debt of $214,660.00[15] and unsecured nonpriority debt of $174,468.00.[16] The record thus reflects that Leitzke did not file bankruptcy for the sole purpose of avoiding the Settlement Agreement, but was seeking a "fresh start" in good faith.

The Court is not unsympathetic to Balascio's frustration. He entered into a business transaction with the Debtor, and expected the Debtor to carry through on his commitments. However, the bankruptcy laws make it abundantly clear that a party's failure to make payments when due – or, more bluntly, to keep promises made to others who have relied upon them – does not constitute fraud absent a significant additional showing which is absent from the case at bar.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Balascio has not met his burden of proof to establish nondischargeability under section 523(a)(2)(A). Therefore, the Motion is granted and Balascio's Complaint is dismissed without prejudice. Balascio has 30 days from the date hereof to file and serve an amended complaint. An appropriate Order follows.

**BY THE COURT:**

Dated: July 18, 2014
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge

---

[15] Chapter 13 Voluntary Petition at Schedule D (Docket #1).
[16] Chapter 13 Voluntary Petition at Schedule F (Docket #1).